Thomas Parker
*Plaintiff, pro se*
2930 Matt Drive
Eugene, OR 97408
541-295-9684
tspivaparks@gmail.com

FILED 02 DEC '19 15:07 USDC-ORE

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

| | |
|---|---|
| **THOMAS PARKER**<br><br>Plaintiff,<br><br>v.<br><br>**LINN-BENTON COMMUNITY COLLEGE,**<br><br>Defendant. | Case No.: 6:19-cv-1956-MK<br><br>**COMPLAINT**<br>(disability discrimination)<br><br>**42 USC 12112 and 12203**<br><br>**AMOUNT PRAYED FOR: $522,000** |

PLAINTIFF, appearing *pro se*, bring this COMPLAINT against Defendant and alleges as follows:

1.

At all times material to this complaint, Plaintiff has resided in the Eugene Division of the District of Oregon, Defendant is a public college operating in the Eugene Division of the District of Oregon that employees more than 15 people, and the events giving rise to this Complaint occurred in the Eugene Division of the District of Oregon, making venue in this Court proper, per ORCP 4. This Court has original jurisdiction of the federal claims contained in this Complaint pursuant to 28 USC 1331.

**COMPLAINT**
Page 1 of 6

2.

In the summer of 2017, Plaintiff was employed by Defendant as a Media Technician III. In June of 2017, Plaintiff was rear-ended while driving a vehicle in the course of his employment with Defendant. Plaintiff suffered injuries to his L4 and L5 vertebrae and has suffered from serious back pain ever since this accident. This injury has prevented Plaintiff from engaging in certain activities of daily life, including (but not necessarily limited to) his ability to work without reasonable accommodation.

3.

Plaintiff timely filed a worker's compensation claim and went back to work immediately after the accident. However, after a few weeks, it became evident that Plaintiff's injuries were preventing him from working the same schedule he had worked before the accident so he went on extended leave for approximately six weeks.

4.

Upon returning to work, Plaintiff requested a reasonable accommodation in the form of a modified work schedule. Plaintiff requested to work three days per week, with one day off in between each work day. This schedule was recommended to Defendant by Plaintiff's treating physician. Plaintiff's previous schedule was five days per week, all in a row.

5.

Defendant initially denied Plaintiff's request, but they did offer Plaintiff other work schedules. Plaintiff tried working these various schedules in good faith, but his injuries prevented him from doing so without experiencing extreme pain. Plaintiff (as recommended by his physician) needed a day off in between work days to rest his back.

6.

On more than one occasion throughout 2017-18, Human Resources representative Kathy Withrow (an employee of Defendant) instructed Plaintiff to go to a different physician and lie

about having filed a worker's comp claim, in order to get approval to return to work without restrictions. She also directed him to see a physician and omit accident details in order to forgo SAIF covering his injury in favor of personal insurance covering recovery.

7.

In September of 2018, Defendant terminated Plaintiff, claiming that his modified work schedules were causing an undue hardship on the operation of the department Plaintiff worked in. Defendant claimed that Plaintiff's schedule modifications were causing interference with vacation time for other employees and increasing the overtime that other employees had to work. Upon information and belief, none of these alleged problems existed or, if they did exist, they did not create an undue hardship on Defendant.

8.

Immediately after his termination, Plaintiff contacted his union representative and a union attorney discussed Plaintiff's termination with Defendant. It was thereafter agreed that Plaintiff would be conditionally re-hired for 30 days, working every Monday, Wednesday, and Friday for 8 hours each day. While on this schedule, Plaintiff completed all of his assignments without issue. Upon information and belief, this schedule did not create an undue hardship on Defendant.

9.

After Plaintiff's 30-day trial period was over, Defendant informed Plaintiff that they would not be continuing his employment and he was fired again. Ms. Withrow informed Plaintiff that he must be available to work full time without any restrictions if he was to keep his job. Upon information and belief, Defendant's termination of Plaintiff was motivated in part due to Plaintiff trying to avail himself of federal anti-discrimination statutes and/or filing a complaint with federal and state agencies.

**COMPLAINT**
Page 3 of 6

10.

At the time of his second termination, Plaintiff was offered a severance package, but he refused to accept it. One of the terms of this severance was that Plaintiff had to agree not to apply for any other jobs with Defendant, even if he was qualified and physically able to do the job. Plaintiff asked Ms. Withrow why this was a requirement of the severance and she informed him that Defendant would not hire any previously injured worker because Defendant assumed that they would be more likely to get injured again in the future causing financial hardships to the college via work-comp claims.

11.

Plaintiff subsequently filed a discrimination complaint with Oregon's Bureau of Labor and Industries (BOLI). BOLI subsequently issued Plaintiff a right to sue letter, which included a right to appear to the Equal Employment Opportunity Commission (EEOC). Plaintiff appealed to the EEOC, which subsequently issued a right to sue letter on or around September 8th, 2019.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(failure to reasonably accommodate – 42 USC 12112)

12.

Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth here.

13.

Defendant's failed to offer Plaintiff a modified work schedule, as described above, which constitutes discrimination based on Plaintiff's disability. Defendant's actions have caused Plaintiff $372,000 in economic damages, representing 6 years in lost wages and benefits, and $150,000 in non-economic damages due to pain, suffering, humiliation, and inconvenience.

### SECOND CLAIM FOR RELIEF

(disability discrimination – 42 USC 12112)
14.

Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth here.

15.

Defendant terminated Plaintiff due to his disability, as described above. Defendant's actions have caused Plaintiff $372,000 in economic damages, representing 6 years in lost wages and benefits, and $150,000 in non-economic damages due to pain, suffering, humiliation, and inconvenience.

### THIRD CLAIM FOR RELIEF
(disability discrimination – 42 USC 12112)
14.

Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth here.

15.

Defendant stating that they would not rehire Plaintiff (even for a job that he was qualified for and able to perform) because he had been previously injured constitutes disability discrimination. Defendant's actions have caused Plaintiff $372,000 in economic damages, representing 6 years in lost wages and benefits, and $150,000 in non-economic damages due to pain, suffering, humiliation, and inconvenience.

### FOURTH CLAIM FOR RELIEF
(retaliation – 42 USC 12203)
14.

Plaintiffs re-allege and incorporate Paragraphs 1-11 as if fully set forth here.

15.

Defendant's terminated Plaintiff due to his efforts to avail himself of federal disability protections and/or because Plaintiff filed a claim with BOLI and the EEOC. Defendant's actions have caused $372,000 in economic damages, representing 6 years in lost wages and benefits, and $150,000 in non-economic damages due to pain, suffering, humiliation, and inconvenience.

## PRAYER FOR RELIEF

16.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $522,000, representing the following:

-$150,000 in non-economic damages.

-$372,000 in economic damages.

-All reasonable costs and attorney's fees that may be incurred as a result of bringing this action, pursuant to 42 USC 12205.

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on: 12/02/2019

By: _____   12-2-19
Thomas Parker
*Plaintiff, pro se*
2930 Matt Drive
Eugene, OR 97408
541-295-9684
tspivaparks@gmail.com

**COMPLAINT**
Page 6 of 6